BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
JUDITH R. HARPER, OSB #903260
Assistant United States Attorney
judi.harper@usdoj.gov
AMY E. POTTER
Assistant United States Attorney
amy.potter@usdoj.gov
310 West Sixth Street
Medford, OR 97501
Telephone:   (541) 776-3564
Facsimile:    (541) 776-3583
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:13-CR-00363-001-AA |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| JEFFREY SCOTT BETTMAN, | |
| Defendant. | Sentencing Date: August 11, 2016<br>9:00 a.m. |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Judith R. Harper and Amy E. Potter, Assistant United States Attorneys, hereby submits this sentencing memorandum in anticipation of the sentencing of Jeffrey Scott Bettman on August 11, 2016. Defendant Bettman pleaded guilty to eleven counts of sexual exploitation of a minor, one count of receiving child pornography, one count of distribution of child

pornography, and one count of possession of child pornography on January 7, 2016. The government is recommending a sentence of 300 months' imprisonment with a lifetime of supervised release to follow.

I.      **FACTUAL BACKGROUND**

The facts underlying this case are detailed in the Presentence Report and the United States concurs with the offense conduct description. (PSR ¶¶ 17-41).

In June 2011, the Southern Oregon High-Tech Crimes Task Force, as part of an ongoing investigation, downloaded child pornography from a computer using an IP address belonging to defendant Jeffery Bettman, a local gymnastics coach. (PSR ¶¶ 17-19). A search warrant was obtained for Bettman's home. (PSR ¶ 20). During the execution of the search warrant, officers seized multiple digital devices. When interviewed, defendant admitted that he had downloaded images depicting child pornography which he then masturbated to. (PSR ¶ 23). He admitted to fantasizing about having sex with children but stated he would never act on those fantasies. (PSR ¶ 23-24). While defendant contended he thought he had approximately 200 images of child pornography, forensic examination revealed over 125 videos and 450 images depicting child sexual abuse and/or exploitation. (PSR ¶ 21-22, 24).

But, detectives discovered that defendant Bettman was doing more than just trading child pornography on the internet. Bettman had been secretly videotaping the gymnasts he coached while they changed. (PSR ¶ 26). Bettman admitted to

engaging in secret recordings approximately 20 times at two gyms he coached at in Oregon.  (PSR ¶ 28).  The forensic examination again told a different story.  He had an extensive video collection—469 videos in total—of the female athletes changing their clothes.  (PSR ¶ 30).  He captured the girls, who were unaware they were being recorded, in various stages of undress.  After he transferred the DVDs to his computer, he manipulated the videos to create still shots, many of which focused on the genitals and breasts of the girls.  (PSR ¶ 30).  He had 220 such images, with 67 being particularly focused on the genitals.  (PSR ¶ 32).  Investigators were able to identify 49 victims who were recorded.  The victims were all minors, some as young as 8 years old.  (PSR ¶ 32).  The recordings were also not just of victims in Oregon, investigators discovered Bettman had also created videos when he worked in California.  (PSR ¶ 33-33a).

Many of the gymnasts Bettman coached were interviewed as part of the investigation.  One victim referred to Bettman as a father figure and indicated that he would give the girls hugs and they would sit on his laps. (PSR ¶ 33a).  Other victims and observers described similar instances of inappropriate touching or behavior including Bettman having the gymnasts sit on his lap or Bettman providing back massages to the gymnastic.   (PSR ¶¶ 34-41).

///

///

///

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Bettman,* 1:13-CR-00363-001-AA                           Page 3 of 10

II.  SENTENCING GUIDELINES

### A. *Guideline Calculation*

The government concurs with guideline calculations in the presentence report. Defendant plead guilty to 14 counts, which are grouped as described below:

1. *Counts 1-5, 7-8: Sexual Exploitation of a Child*, 18 U.S.C § 2251(a) (Attempted Production Related to Minors Under the Age of 12)

   | | |
   |---|---|
   | (1) USSG § 2G2.1 – Base Offense Level | 32 |
   | (2) USSG § 2G2.1(b)(1)(B) – minor <12 | 4 |
   | (3) USSG § 2G2.1(b)(5) – care and control | 2 |
   | ADJUSTED OFFENSE LEVEL = | 38 |

2. *Counts 6, 9-11: Sexual Exploitation of a Child*, 18 U.S.C § 2251(a) (Attempted Production Related to Minors Over the Age of 12)

   | | |
   |---|---|
   | (1) USSG § 2G2.1 – Base Offense Level | 32 |
   | (2) USSG § 2G2.1(b)(1)(B) – minor >12, <16 | 2 |
   | (3) USSG § 2G2.1(b)(5) – care and control | 2 |
   | ADJUSTED OFFENSE LEVEL = | 36 |

3. *Counts 12-14: Child Pornography*, 18 U.S.C § 2252A(a)(2)(B)

   | | |
   |---|---|
   | (1) USSG § 2G2.2(a) – Base Offense Level | 22 |
   | (2) USSG § 2G2.2(b)(2) – images w/ minor <12 | 2 |
   | (3) USSG § 2G2.2(b)(3) – distribution | 2 |
   | (4) USSG § 2G2.2(b)(4) – sadomasochistic behavior | 4 |
   | (5) USSG § 2G2.2(b)(5) – pattern sexual exploitation | 5 |

|     |     |
| --- | --- |
| (6) USSG § 2G2.2(b)(6) – use of computer | 2 |
| (7) USSG § 2G2.2(b)(7)(D) – more than 600 images | <u>5</u> |
| ADJUSTED OFFENSE LEVEL = | 42 |

4. *Final Calculations*

|     |     |
| --- | --- |
| (1) USSG § 3D1.4 - Greatest Adjusted Offense Level | 42 |
| (2) USSG § 3D1.4 – Multiple Counts | 5 |
| (3) USSG § 4B1.5(b)(1) – Dangerous Sex Offender | 5 |
| (6) USSG § 3E1.1 – Acceptance of Responsibility | - 2 |
| **Total Offense Level** | **50** |

Defendant's Criminal History Category is I, resulting in an advisory guidelines range of life imprisonment. The government recommends 300 months' imprisonment.

### B.   Legal Issue

Probation has applied a 5-level enhancement for pattern of sexual abuse (U.S.S.G. § 2G2.2(b)(5)) to the guidelines calculations for Counts 12-14, possession, receipt and distribution of child pornography.  The defense has objected, contending there is insufficient evidence to support the enhancement.  The government believes the enhancement applies.

The pattern of activity enhancement applies "if a defendant has engaged in two or more instances of knowingly persuading, inducing, enticing, or coercing a minor to engage in any sexual activity for which a person can be charged with a

criminal offense." *United States v. Aguirre,* 448 F. App'x 670, 672 (9th Cir. 2011). A pattern of activity is defined as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." *See* U.S.S.G. 2G2.2 cmt. n. 1. The application notes to 2G2.2 further indicate that sexual abuse or exploitation includes conduct described in 18 U.S.C § 2251(a), which is the same statute defendant pled guilty to violating. *See Id.*

Here, the enhancement is not based on the allegations of touching, but, rather, is supported by the counts of convictions in this case. Bettman has pleaded guilty to the sexual exploitation of eleven victims and there are countless other gymnasts he has videotaped and therefore, exploited. His conduct fits squarely within the definition of pattern of activity under the sentencing guidelines.

Even if this Court were not to impose the 5-level enhancement, the guideline range would remain life.

### III.   SENTENCING RECOMMENDATION

Defendant Jeffrey Bettman is a sexual predator who has been secretly videotaping underage girls changing their cloths for almost two decades. While serving as a gymnastics coach, defendant used his students to create videos and images for his own sexual gratification. He started in California by placing a camera in his office and then having girls change there before practice. When

defendant moved to Southern Oregon to coach, he started conducting photoshoots and created a changing room for female athletes to use.  He placed a hidden camera there that captured them changing.  He then transferred the videos to DVDs.   He maintained those DVDs for years, marking them with the initials of the victims.  He also created still images, focused on the genitals of the girls.   He continued this behavior undetected until he confessed and the DVDs were discovered in his home during the search warrant.

     Mr. Bettman was interviewed during the search warrant and stated the child pornography was a "curiosity" that started after he was accused of inappropriate touching while coaching gymnastics in California and saw images of child pornography during the subsequent civil trial.  Defendant admitted to a sexual interest in children, but claimed he would never act on it.  He also claimed he never had any desire to have sex with any of the athletes he coached.  But those statements are belied by the fact that he secretly videotaped those athletes in order to create videos that he could masturbate to.  He acted on his sexual interest in children by secretly recording them naked for his own sexual gratification.

     Defendant also stated he thought his crimes where victimless crimes because he never intended to share the recordings.  This is yet another excuse of Mr. Bettman.  This was not a victimless crime.   Whether he was trading images of child pornography or creating images of minors he coached, he was victimizing minors.

Defendant will have the opportunity to hear from some of his victims at sentencing and hopefully, it will finally be clear to him that nothing he did was harmless.

The government is recommending a below guideline sentence of 300 months' imprisonment. The government believes that this sentence appropriately punishes defendant for his conduct. He has not only victimized unknown children by trading child pornography, he has, for decades, been victimizing the athletes he coached. Those athletes and their parents trusted Mr. Bettman and he abused that trust by attempting to create child pornography to meet his sexual needs.

The defense is seeking a 15-year sentence, the mandatory minimum. This recommendation relies, in part, on the conclusion of their expert that the risk that Mr. Bettman will engage in sexual misconduct with a minor is negligible. To conclude that after almost two decades of this behavior, Mr. Bettman is not a risk ignores Mr. Bettman's history. The fact that he is unable to coach gymnastics anymore is not sufficient to find he is no longer a risk. Mr. Bettman has faced accusations and complaints in the past. In each instance, he moved on, blamed his victims, and convinced his next set of victims that he could be trusted.

The defense also notes the fact that the images of the gymnasts were not circulated. Regardless of whether he traded the images he created or not, over forty different minors were victimized when defendant secretly videotaped them for his sexual pleasure. No other minor should have to suffer the same fate.

Based on the conduct in this case, the government recommends a 300-month sentence followed by a lifetime of supervision. This sentence will hold Mr. Bettman accountable for his conduct and to protect the community.

## IV.     RESTITUTION

The government received one restitution request in advance of sentencing, but the attorney has since withdrawn that request. If the government later receives a request, it will notify the Court.

## V.     CRIMINAL FORFEITURE

Defendant has agreed to criminally forfeit the following property used to facilitate the crimes of conviction

1) Apple iMac desktop computer, s/n QP3090H3NHX
2) Apple iPhone wrapped in Black electrical tape
3) Apple PowerBook G4 laptop computer, s/n W841603MQHY
4) Sony Handycam video camera, s/n 136778
5) Sony Handycam video camera, s/n 1359347
6) Sony Handycam video camera, s/n 10422
7) Sony Handycam video camera, s/n 436662
8) Apple iPhone with blue case, s/n DNPHRN7HDT9V
9) Cisco Flip video camera, s/n 00510C28081384
10) 20 DVDs and CDs containing videos of gymnasts labelled with initials
11) Geek Squad 8GB USB thumb drive

The government requests that the court make oral pronouncement of this forfeiture in court and include such forfeiture in the judgment order.

## VI.     CONCLUSION

Mr. Bettman not only traded in child pornography, he attempted to create his own using the athletes he coached. He violated their trust and the trust of the

entire community. The government, therefore, recommends a sentence of 300 months' imprisonment and a lifetime of supervision to follow. The recommended sentence is reasonable considering the nature and circumstances of defendant's conduct. It also promotes respect for the law and protects the public from further crimes of the defendant.

Dated this 3rd day of August 2016.

> Respectfully submitted,
> BILLY J. WILLIAMS
> United States Attorney
>
> s/ Judith R. Harper
> JUDITH R. HARPER
> Assistant United States Attorney
>
> s/ Amy E. Potter
> AMY E. POTTER
> Assistant United States Attorney